# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PERRY A. PRUNESTI,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0895**  (BOR Appeal No. 2050344)
(Claim No. 2011030107)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Perry A. Prunesti, by John Shumate, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, LLC, by Timothy Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 2, 2015, in which the Board affirmed a March 24, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 14, 2013, decision granting Mr. Prunesti a 4% permanent partial disability award for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Prunesti filed an application for workers' compensation benefits on April 18, 2011, alleging that he developed bilateral carpal tunnel syndrome in the course of and resulting from his employment and his claim was held compensable for bilateral carpal tunnel syndrome on July 8, 2011. He underwent a bilateral carpal tunnel release on July 24, 2013. Joseph Grady, M.D., performed an independent medical evaluation on August 28, 2013, and authored a report memorializing his findings on the same date. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), he opined that Mr. Prunesti sustained

1

a 10% sensory deficit in each wrist, which equates to 2% whole person impairment per wrist, for a total of 4% whole person impairment. He then applied West Virginia Code of State Rules § 85-20-64.5 (2006) and, after determining that no further adjustment of his permanent impairment recommendation was necessary, opined that Mr. Prunesti sustained a total of 4% whole person impairment as a result of bilateral carpal tunnel syndrome, representing 2% per wrist. The claims administrator granted Mr. Prunesti a 4% permanent partial disability award based upon Dr. Grady's evaluation on November 14, 2013.

Yogesh Chand, M.D., performed an independent medical evaluation on February 25, 2014, and authored a report memorializing his findings on the same date. He also utilized the American Medical Association's *Guides to the Evaluation of Permanent Impairment* and opined that Mr. Prunesti sustained a 50% sensory deficit in each wrist, which equates to 11% whole person impairment per wrist. He further opined that Mr. Prunesti sustained motor strength loss equating to 14% whole person impairment in the right wrist and 12% whole person impairment in the left wrist. Finally, Dr. Chand opined that Mr. Prunesti sustained 23% whole person impairment as a result of carpal tunnel syndrome in the right wrist and 22% whole person impairment as a result of carpal tunnel syndrome in the left wrist, for a total of 39% whole person impairment. Dr. Chand issued an addendum report on May 5, 2014, in which he indicated that he neglected to apply West Virginia Code of State Rules § 85-20 (2006) when initially calculating the amount of Mr. Prunesti's whole person impairment. After applying West Virginia Code of State Rules § 85-20-64.5, he opined that Mr. Prunesti sustained 6% whole person impairment per wrist as a result of bilateral carpal tunnel syndrome, for a total of 12% whole person impairment.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 5, 2014, and authored a report memorializing his findings on August 6, 2014. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, he opined that Mr. Prunesti sustained a 10% sensory deficit in each wrist, which equates to 2% whole person impairment per wrist, for a total of 4% whole person impairment.[1]

In its Order affirming the November 14, 2013, clams administrator's decision, the Office of Judges held that a preponderance of the evidence demonstrates that Mr. Prunesti sustained 4% whole person impairment, representing 2% whole person impairment per wrist, as a result of bilateral carpal tunnel syndrome.[2] The Board of Review affirmed the decision of the Office of Judges in its Order dated September 2, 2015. On appeal, Mr. Prunesti asserts that the evidence of

---

[1] Dr. Mukkamala did not specifically state that he applied West Virginia Code of State Rules § 85-20-64.5. However, an application of the Rule to his findings reveals that no further adjustment of his recommendation pursuant to the Rule is necessary.

[2] The Office of Judges initially affirmed the November 14, 2013, claims administrator's decision in an Order dated December 16, 2014. However, following a motion for reconsideration filed by Mr. Prunesti in which he alleged that the Office of Judges failed to consider Dr. Chand's May 5, 2014, addendum, the Office of Judges vacated its prior decision and granted Mr. Prunesti's motion for reconsideration on January 23, 2015.

record demonstrates that he is entitled to a 12% permanent partial disability award, as was recommended by Dr. Chand.

At the outset, we note that the Office of Judges engaged in a lengthy discussion regarding its interpretation of West Virginia Code of State Rules § 85-20-64 (2006) and West Virginia Code of State Rules § 85-20-65 (2006). The Board of Review declined to adopt the Office of Judges' discussion of this matter, as do we. We further note that the Office of Judges' discussion of the Rules, and its conclusions regarding their application, ultimately had no bearing on its analysis of the merits of the instant appeal.

Turning to the Office of Judges' analysis of the evidence of record, it found that Dr. Chand's conclusions regarding the amount of whole person impairment arising from Mr. Prunesti's bilateral carpal tunnel syndrome are uncorroborated by the remainder of the record. Specifically, the Office of Judges noted that Dr. Chand found that Mr. Prunesti suffers from a far greater sensory deficit when compared with the findings of Dr. Grady and Dr. Mukkamala.[3] The Office of Judges also noted that only Dr. Chand opined that Mr. Prunesti sustained a loss of motor strength. Finally, the Office of Judges noted that Mr. Prunesti testified in a deposition on February 27, 2014, that his symptoms have greatly improved following surgery, and further noted that he has returned to work at full-duty. The Office of Judges then found that Dr. Chand's recommendation appears to be excessive given Mr. Prunesti's own report of his current condition. We agree with the conclusions of the Office of Judges, as affirmed by the Board of Review.

---

[3] The Office of Judges erroneously found that Dr. Mukkamala did not assign an impairment rating for a sensory deficit. Dr. Mukkamala's report clearly indicates that he ascribed a 10% sensory loss to each wrist, as did Dr. Grady.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II